UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK A. PATTERSON,<br>Plaintiff,<br><br>v.<br><br>HOWARD HOWE,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:16-cv-03364 |

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT

1- FACTS BELIEVED TO BE UNDISPUTED

On 10 May 2016, the Defendant herein, Howard Howe ("Howe") an attorney licensed to practice law in the State of Indiana filed a student loan collection action in the Hamilton Circuit Court, in the State of Indiana, against Mark A. Patterson ("Patterson"), on behalf of the Indiana Institute of Technology. A copy of this action is appended hereto as Exhibit "A". Accompanying the service copy of the complaint were four requests to admit, pursuant to Indiana Rule of Trial Procedure 36. These requests are appended hereto as Exhibit "B". The underlying collection case was mediated pursuant to the order of the Circuit Court, and an "Agreement of Settlement" was crafted by the mediator, signed by the respective parties, and approved and ordered by the court. A copy of this agreement and order is appended hereto as Exhibit "C".

The requests to admit were not accompanied by any notice that, if Patterson did not deny a particular request to admit, that request was deemed admitted by rule. T.R. 36 does not require any such notice. However, in his federal complaint pursuant to 15 U.S.C. Sec. 1692 et. seq., the misleadingly named "Fair Debt Collection Practices Act" or "FDCPA" Patterson alleges that Howe's service of the requests to admit with the summons and complaint, unaccompanied by advice "that the requests are admitted unless (Patterson) serves a written answer or objection to the requests upon the plaintiff within thirty days" (Complaint, paragraph 11) constitutes a "false, deceptive, or misleading misrepresentation or means in connection with collection of a debt, in violation of 15 U.S.C. Sec. 1692e" and also constitutes an "unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. 1692f" (Complaint, paragraph 13(a) and (b).

## II- ARGUMENTS

### ARGUMENT I

### 15 U.S.C. Sec. 1692 et. seq. DOES NOT APPLY TO HOWE BECAUSE HE IS NOT, IN THIS CASE, A DEBT COLLECTOR

The United States Supreme Court recently interpreted the Fair Debt Collection Practices Act in *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131 (4th Cir. 2016), cert. granted, No. 16-349, 2017 WL 125669 (U.S. Jan. 13, 2017) to exclude from the definition of a "debt collector" a debt buyer which is collecting the debt for itself. It is uncontested that LL Receivables Company ("LL"), the plaintiff in the underlying debt collection action, is a debt buyer. Had Patterson's federal case been brought against LL, the federal case might well have been dismissed for this factor alone. But, the case was brought against Howe. However, 15 U.S.C. 1692a, subsection (6), states flatly:

> "(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. *The term does not include— (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor...* (italic emphasis added)."

*Henson* firmly defined a debt buyer as a creditor, not a "debt collector". Hence, an officer of LL would be excluded from the definition of "debt collector" as well, by the plain terms of (s), supra. During all times relevant to the federal case, Howe has been the Secretary of LL, as evidenced by the Secretary of State's report which is Exhibit "D". The caption of the underlying state court action shows "LL Receivables Company" to be the entity for which collecting was being done by Howe. Hence, Howe is collecting in the name of the creditor, for the creditor.

ARGUMENT II

ADHERENCE TO THE INDIANA RULES OF TRIAL PROCEDURE CANNOT CONSTITUTE A VIOLATION OF THE FDCPA

It is incontestible that Howe adhered strictly to Indiana Rule of Trial Procedure 36, which is appended hereto as Exhibit "E". The rule nowhere requires that LL's lawyer give legal advice to a party opponent. Indeed, Rule of Professional Conduct 4.2 says:

> "A lawyer is required to be truthful when dealing with others on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts."

Patterson would have this federal court impose upon Howe a duty not contemplated by T.R. 36, any case, or federal statute. Patterson would have this court dictate to the Indiana Supreme Court an amendment to the Indiana Rules of Trial Procedure without rule-making hearing or input from the State Bar Association. This is a fascinating take on Federalism, but not one supported by any authority.

ARGUMENT III

McCOLLOUGH V. JOHNSON, RODENBURG, & LAUINGER, LLC, 637 F.3d 939, 952 (9th CIRCUIT 2011) CONTROLS NOTHING

Opposing counsel has advised Howe that the case *of McCollough v. Johnson, Rodenburg, & Lauinger, LLC*, 637 F.3d 939, 952 (9th Circuit 2011) may be relevant to this action. This case is the only case counsel has cited in support of his proposition that T.R. 36 requests may constitute a violation of the FDCPA. Counsel errs. This ninth circuit case was decided using a "least sophisticated consumer" standard which is not the standard in the Seventh Circuit. The 7th Circuit has adopted the standard of "unsophisticated consumer" and the difference between the two standards is immense. The "unsophisticated consumer" is at least

a sentient being. "Least sophisticated consumer" is less than an "unsophisticated consumer" as a simple matter of grammar . The ninth circuit case involved "false" requests to admit that were answered by counsel. The ninth circuit case does not address the severe federalism problem of a federal court overriding a state sovereign in the practice of state law. Nor were the requests to admit, in the state court action against Patterson "false" in any sense.

It should be observed that

> " The unsophisticated debtor is assumed to be "'uninformed, naive, [and] trusting' but is also assumed 'to possess rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *McKinney v. Cadleway Props., Inc., 548 F.3d 496, 503 (7th Cir. 2008)* (quoting *Durkin v.Equifax Servs., Inc., 406 F.3d 410, 414 (7th Cir. 2005))*. The standard presumes that "statements are not confusing or misleading unless a significant fraction of the population would be similarly misled." *Veach v. Sheeks, 316 F.3d 690, 693 (7th Cir. 2003)*.

Thus, given the glaring difference in underlying facts, and the huge difference between "unsophisticated consumer" and "least sophisticated consumer", *McCollough* offers this court no guidance.

## ARGUMENT IV
## THE DEEMED ADMISSIONS DID NOT TECHNICALLY APPLY IN ANY EVENT, HENCE PATTERSON CANNOT BE HEARD TO COMPLAIN ABOUT THEM

By there own terms, the requests to admit were available to be transmitted to Patterson upon receipt by Howe of Patterson's valid email address (see, certificate of service on requests to admit, Exhibit "B"). This nicety is required by Indiana Rule of Trial Procedure 26(A) *Electronic Format*, which requires that requests to admit be served by electronic format, in addition to any other method selected by the server. Arguably, because this was never done, because Howe was never advised of Patterson's electronic address, the preclusive 30-day period

never closed, hence never applied, hence cannot be the foundation of a claim under the FDCPA.

## III- CONCLUSION

WHEREFORE, Defendant prays that his motion be granted and that the Court enter its order that Howe is not liable under the FDCPA as a matter of law, and that Howe be granted all other just relief.

**/s/ Howard Howe**
Defendant

## CERTIFICATE OF SERVICE

I certify that the Defendant's Memorandum of Law in support of his Motion for Summary Judgment was served this 24th day of July, 2017, by way of the Court's electronic filing system upon all counsel of record.

**/s/ Howard Howe**

Howard Howe
50 South Meridian Street #605
Indianapolis, IN 46204
(317) 638-1700
Attorney Number 12062/49

FILED
2013 MAY 10 PM 3:43
TAMMY BAITZ
CLERK
HAMILTON COUNTY

STATE OF INDIANA ) IN THE HAMILTON CIRCUIT COURT
) SS:
COUNTY OF HAMILTON ) CAUSE NO. 29C01 1605 CC 4055

INDIANA INSTITUTE OF TECHNOLOGY )
) Plaintiff, )
vs. )
)
MARK A. PATTERSON )
)
Defendant. )

**COMPLAINT**

Comes now Plaintiff, by counsel, and complaining of the Defendant, respectfully states:

1. That the Defendant borrowed money as evidenced by the Exhibits attached hereto.

2. That the Defendant has failed to repay the money borrowed in conformity with the underlying exhibits.

3. That Plaintiff is the owner or assignee of the indebtedness evidenced by the underlying exhibits.

4. That Plaintiff is entitled to recover from the Defendant in default those monies allowed in conformity with the underlying exhibits, including but not limited to interest and the costs of collection.

**WHEREFORE,** Plaintiff pray for judgment against the Defendant in the maximum sum allowable and for all other just relief.

Howard Howe

Howard Howe
Attorney for Plaintiff

Howard Howe (#12062-49)
Attorney at Law
50 S. Meridian St. #605
Indianapolis, IN 46204-3540
(317)638-1700
#27227
(P009)

*****This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.*****



# Payment Options Form

College of Professional Studies

APR 26 2012

INDIANA**TECH**

## Student Information

Name (Please print) Mark Patterson ID # 1437987

Date of Birth 01/25/1989 E-mail address: markpattersonii@gmail.com

Home Phone 404-944-7662 Work Phone

## Payment Options

Select ONE payment option.* Refer to the Payment Information Sheet to determine which option best fits your situation.

☐ **Pre-pay** ☑ **Financial Aid** (Date FAFSA filed 3/10/12) ☐ **Automatic Payment** ($25 fee per year)

☐ **Voucher/Authorization Form Process** (Employer ______) ☐ **Direct Billing** (separate form needed)

☐ **Deferment for Employer Assistance** ($25 fee per year)

**Subject to approval by the Business Office. You will be contacted if another option is required.*

## Deferment Information (complete this section only if choosing Deferment for Employer Assistance)

Employer ______ Phone ______

Employer contact person ______ Annual employer assistance amount ______

Description of reimbursement policy ______

I understand and agree that:

- I alone am fully responsible for full payment of all tuition, fees, and books by the indicated due date, regardless of whether or not I receive payment from my employer. It is my responsibility to provide all necessary information (including grades) to my employer according to their policy regarding reimbursement.
- The university may contact my employer to determine whether I am eligible for the indicated tuition reimbursement.
- Any balance outstanding after the indicated due date will incur a late fee of $50 in addition to the monthly late charges.
- I will not be permitted to register while I have a past due balance and any current registrations may be canceled.
- I have read and accepted this agreement and understand this form must be filed each academic year.
- **I authorize Indiana Tech to charge the credit card below for the $25 non-refundable deferment fee. In addition, if I fail to remit a payment by the assigned due date, I authorize this card to be charged for any portion of the invoice not paid, as well as the $50 late fee.**

Name on credit card ______ Credit Card number ______

Expiration date ______ Cardholder Signature ______

## Verification

I, Mark Patterson, have elected to pay for my tuition as selected above. I understand that my account is my responsibility, regardless of whether or not I receive payment from my employer or other financial assistance and I agree to follow Indiana Tech's payment policies. I understand that in the event my account is more than 30 days past due I will be assessed 1.5% late charges per month or 18% per year on the past due balance. Due to lack of payment, the university may give my account to an outside agency to seek restitution. Furthermore, in the event the university has to incur any expenses collecting this account, I agree to pay all the costs of collection. This includes, but is not limited to, collection agency fees, court costs, and/or any reasonable attorney fees. I authorize the university to release financial information about my account to those involved with collecting the balance due.

Signature [signature] Date 3/10/2012

## Contact Information

Phone: (888) 832-4742 E-mail: accounts_cps@indianatech.edu Fax: (260) 420-8211

Please keep a copy of this form for your personal records.

Exhibit "A" **EXHIBIT "A"** PAGE 2 of 2

STATE OF INDIANA ) IN THE HAMILTON CIRCUIT COURT
) SS:
COUNTY OF HAMILTON ) CAUSE NO.

INDIANA INSTITUTE OF TECHNOLOGY )
)
Plaintiff, )
vs. )
)
MARK A. PATTERSON )
)
Defendant. )

**REQUESTS TO ADMIT**

Comes now Plaintiff, by counsel, and propounds the following Requests to Admit, pursuant to Rule 36 of the Indiana Rules of Procedure, and further requests that the answers and/or objections thereto be served upon Plaintiff by no later than thirty (30) days following the date of service upon the Defendant(s):

1. No defendant in this cause is an infant or incompetent.

2. No defendant in this cause is on active service in any branch of the military forces of the United States of America.

3. The material allegations contained in the Plaintiff's complaint are true, and Plaintiff is entitled to the relief sought as a matter of law.

4. There exists no valid counterclaim or offset to the claim(s) of the Plaintiff.

Howard Howe
Howard Howe, Counsel to Plaintiff

**CERTIFICATE OF SERVICE**

I certify that the foregoing Requests to Admit were requested to be served with the Summons and Complaint upon each named defendant. Upon receipt of your e-mail address, we will transmit a copy of the foregoing in ASCII format.

Howard Howe
Howard Howe, Counsel to Plaintiff

Howard Howe (#12062-49)
50 S. Meridian St. #605
Indianapolis, IN 46204
(317)638-1700
#27227 (P106)

*****This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.*****

EXHIBIT "B"

STATE OF INDIANA ) IN THE HAMILTON CIRCUIT COURT
) SS:
COUNTY OF HAMILTON ) CAUSE NO. 29C01-1605-CC-004055

INDIANA INSTITUTE OF TECHNOLOGY, )
Plaintiff, )
v. )
MARK PATTERSON, )
Defendant. )

FILED
April 17, 2017
CLERK OF THE HAMILTON CIRCUIT COURT

**AGREEMENT OF SETTLEMENT**

Comes now the parties and enter into an agreement of settlement as follows:

1. Defendant agrees that Plaintiff shall have a Judgment against him in the amount of Seven Thousand Five Hundred Dollars ($7,500.00) plus One Hundred Eighty-One Dollars ($181.00) in Court Costs.

2. Defendant shall make monthly payments of One Hundred Fifty Dollars ($150.00) to Plaintiff on the 15th of the month in the office of Plaintiff's counsel until said Judgment is paid in full.

3. Plaintiff, Indiana Institute of Technology, agrees to release up to two (2) transcripts to verified institutions of higher learning and/or employer(s) in the first calendar year and one (1) each calendar year thereafter upon request of Defendant. Defendant's payments must be current for transcript releases/

Howard Howe

Mark A. Patterson

EXHIBIT "C" PAGE 1 of 2

APPROVED AND MADE THE ORDER OF THE COURT.

Dated: April 17, 2017

JUDGE: Hamilton County Circuit Court

Distribution to the parties

EXHIBIT "C" PAGE 2 of 2

] (http://www.INBiz.IN.gov)




## Business Details

Print Entity Details

| | | | |
|---|---|---|---|
| Business Name: | **LL RECEIVABLES COMPANY** | Business ID: | **1998080589** |
| Entity Type: | **Domestic For-Profit Corporation** | Business Status: | **Active** |
| Creation Date: | **08/11/1998** | Inactive Date: | |
| Principal Office Address: | **125 WEST SOUTH STREET #1272, INDIANAPOLIS, IN, 46206 - 1272, USA** | Expiration Date: | **Perpetual** |
| Domicile State: | **Indiana** | Business Entity Report Due Date: | **08/31/2016** |
| | | Years Due: | **2016/2017** |

## Incorporators Information

| Title | Name | Address |
|---|---|---|
| Incorporator | Howard Howe | 50 S Meridian St, #605, INDPLS, IN, 46204 - 0000, USA |

**Page 1 of 1, records 1 to 1 of 1**

## Principal Information

| Title | Name | Address |
|---|---|---|
| Secretary | HOWARD HOWE | 50 SOUTH MERIDIAN ST # 605, INDIANAPOLIS, IN, 46206 - 1272, USA |
| President | JANICE HOWE | 125 W SOUTH ST, #1272, INDIANAPOLIS, IN, 46206, USA |

**Page 1 of 1, records 1 to 2 of 2**

## Registered Agent Information

Type: **Individual**

Name: **Howard Howe**

Address: **50 S MERIDIAN ST, #605, INDIANAPOLIS, IN, 46204 - 0000, USA**



### Rule 36. Requests for admission

**(A) Request for admission.** A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request, including the genuineness of any documents described in the request. Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within a period designated in the request, not less than thirty [30] days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny or that the inquiry would be unreasonably burdensome. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of Rule 37(C), deny the matter or set forth reasons why he cannot admit or deny it.

The party who has requested the admissions may move for an order with respect to the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(A)(4) apply to the award of expenses incurred in relation to the motion.

**(B) Effect of admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding.

*Amended Nov. 3, 1981, effective Jan. 1, 1982.*

EXHIBIT "E"