UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK A. PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-03364-DML-SEB |
| | ) | |
| HOWARD HOWE, | ) | |
| | ) | |
| Defendant. | ) | |

## Order on Motions for Reconsideration (Dkts. 88, 89)

Defendant Howard Howe has asked this court to reconsider its order granting summary judgment in favor of the named plaintiff on his FDCPA claim (Dkt. 34) and its order certifying a class (Dkt. 81).[1]  The summary judgment order was issued three years ago and was followed by the appearance of new defense counsel, multiple discovery disputes, class certification briefing and decision, and the briefing and decision on numerous other motions.  Mr. Howe grounds both reconsideration motions primarily in Seventh Circuit decisions issued after this court's summary judgment order, beginning with *Casillas v. Madison Ave. Associates*, 926 F.3d 329 (7th Cir. 2019), and followed by several more recent decisions on the standing requirement in FDCPA cases.  Indeed, in the last few months, the Seventh Circuit has issued no fewer than eight decisions on FDCPA standing, including one in just the last two weeks.

---

[1]     Mr. Howe also asks the court to dismiss for lack of subject matter jurisdiction or, alternatively, to certify for interlocutory appeal (Dkt. 89).

The court grants the motions to reconsider because—and to the extent that—this court's discussion of standing in its summary judgment order cited a line of decisions from district courts in this circuit—including this one—that may now be inconsistent with these recent decisions of the Seventh Circuit, which before *Casillas* had not specifically addressed standing in the FDCPA context. And because no class can be certified if the proposed class representative lacks standing, it is appropriate to reconsider the class certification order as well. *See Brunett v. Convergent Outsourcing, Inc.,* 982 F.3d 1067, 1069 (7th Cir. 2020). To be clear, though, reconsideration is not (at least in this case) tantamount to a different result; the new binding authority simply requires a careful re-examination of the standing issues raised in this case.

**A.**     **A Brief Survey of the Seventh Circuit's *Casillas* and Post-*Casillas* Decisions**

In *Casillas*, the plaintiff claimed that the defendant had violated § 1692g—the provision requiring certain disclosures within a certain period of the initial communication to collect a debt—by not advising that the debtor was required to communicate in writing in order to trigger certain statutory protections. However, the plaintiff did not allege that this omission in the notice harmed her or created any real risk of concrete harm. She didn't allege, for example, that she had tried to dispute the debt or even considered contacting the defendant to dispute or verify the debt. The Seventh Circuit concluded, "Because the [defendant's] mistake didn't put Casillas in harm's way, it was nothing more than a "'bare procedural violation,'"

2

insufficient to confer standing. *Id*. at 334 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)).

In *Larkin v. Finance System of Green Bay, Inc.,* 982 F.3d 1060 (7th Cir. 2020), the Seventh Circuit expressly extended the reasoning of *Casillas* to claims under 1692e and 1692f (which are substantive prohibitions of certain conduct, as opposed to procedural contents of a 1692g notice at issue in *Casillas*). Section 1692e prohibits false, deceptive, misleading representations; section 1692f prohibits unfair or unconscionable debt collection practices. Still, however, an "FDCPA plaintiff must allege a concrete injury regardless of whether the alleged statutory violation is characterized as procedural or substantive." Ms. Larkin claimed that the creditor violated these provisions by sending a collection letter that said, "You want to be worthy of the faith put in you by your creditor. . . . We are interested in you preserving a good credit rating with the above creditor." The district court had dismissed for failure to state a claim under the FDCPA. On appeal, the Seventh Circuit said that the case instead should be dismissed without prejudice for lack of standing. *Id*. at 1063.

The *Larkin* court explained that the case or controversy requirement limits federal court jurisdiction to "concrete disputes presented in a form historically recognized as appropriate for judicial resolution in the Anglo-American legal tradition." *Id*. at 1064. "At the pleading stage, the standing inquiry asks whether the complaint "clearly . . . alleges facts demonstrating each element in the [standing] doctrinal test." *Id*. The court found the plaintiff's allegations lacking the

required injury in fact, which not only requires invasion of a legally protected interest, but must be both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* The court focused on the requirement that the plaintiff's injury be "both concrete *and* particularized." "Particularized" means that the plaintiff was injured or affected in a "personal and individual way" as opposed to a general grievance shared by all members of public. *Id.*

The court went on to explain that "[t]he concreteness requirement can be trickier." *Id.* A physical harm or monetary loss (generally characterized as "tangible") is easy to identify, but intangible harms raise more difficult questions. And though Congress can "identify and elevate historically non-cognizable intangible harms to the status of cognizable injuries," the constitution limits the court's power to redress only concrete personal injuries arising from the violation. In refusing to extend jurisdiction for "bare procedural violations," the court of appeals declared that it was simply applying the principle the Supreme Court had announced in *Spokeo*. The court also noted that the plaintiff had not articulated any injury—tangible or intangible—from the allegedly offending language in the letter she received.[2]

*Brunett v. Convergent Outsourcing, Inc.,* 982 F.3d 1067 (7th Cir. 2020), was issued the day after *Larkin*. Convergent sent Ms. Brunett a collection letter demanding payment of a debt just over $1000. It offered to accept 50% of the

---

[2]    At oral argument plaintiff's counsel was given an opportunity to articulate some detriment or appreciable risk of detriment the plaintiff had suffered but did not do so. *Id.* at 1066.

balance and added that if she couldn't afford that, she could contact Convergent to discuss other options.  The letter went on to say that if the creditor forgave more than $600, it would be required to report that to the IRS.

Ms. Brunett alleged the statement about reporting to the IRS violated the FDCPA because it threatened action that cannot legally be taken and thus was a false statement.  The Seventh Circuit noted that in these particular circumstances, the statement could be accurate, but rather than determining the merits, the court turned to the plaintiff's standing.

During her deposition, Ms. Brunett acknowledged that she had not paid anything after receiving the letter and that the statement about possibly reporting to the IRS did not affect her credit rating or discourage anyone from doing business with her.  Instead, she testified that the letter was "confusing," but the court observed that she did not "tie that confusion to any injury." *Id*. at 1068.  The Seventh Circuit dismissed the assertion that confusion is itself an injury.  It held that it is not enough for the plaintiff to have been confused; the plaintiff must have acted (or not acted, as the case may be) because of that confusion. And being led to hire a lawyer because of that confusion "does not change the evaluation." "A desire to obtain legal advice is not a reason for universal standing."  *Id*. at 1069.

**The court also** rejected a distinction between procedural and substantive violations in the standing analysis, asserting that the need for an injury in fact is a constitutional rule that "does not depend on how one characterizes the statute involved." *Id*. at 1068. Finally, **the court rejected the plaintiff's argument that the**

case should not be dismissed because the class members may have standing. If the named plaintiff lacks standing, class certification should be denied. *Id*.

*Gunn v. Thrasher, Buschmann & Voelkel, P.C.,* 982 F.3d 1069 (7th Cir. 2020), involved a letter sent to collect unpaid homeowner's assessments to a homeowners' association. The letter included the statement that "If Creditor has recorded a mechanic's lien, covenants, mortgage, or security agreement, it may seek to foreclose" it. The plaintiffs made no payment or other response to the collection letter. When the creditor filed a collection suit it did not seek foreclosure.

The plaintiffs alleged in their FDCPA case that though the statement was not false, it was misleading because no rational creditor would foreclose on a two-thousand-dollar homeowner's assessment. This court dismissed the complaint on the pleadings because the statement about foreclosure was true. On appeal, the litigants focused their arguments on whether a true statement can nevertheless be misleading because it is unlikely. The Seventh Circuit instead focused on the plaintiffs' standing, which hadn't been raised in this court or in the initial appellate briefing.

In their supplemental briefing, the Gunns claimed they suffered annoyance and intimidation in receiving such a letter. *Id*. at 1071. The Seventh Circuit found that wasn't enough: "[T]the Supreme Court has never thought that having one's nose out of joint and one's dander up creates a case or controversy." *Id*. at 1072.

*Bazile v. Finance System of Green Bay, Inc.,* 983 F.3d 274 (7th Cir. 2020), is a noteworthy decision because it addresses the standing requirement beyond the

pleading stage. The court held that though a complaint may survive dismissal for lack of standing, that does not end the inquiry.  If the truthfulness of the allegations necessary to establish standing has been called into doubt, the trial court must address that dispute the same way it deals with other factual issues that determine whether it has subject matter jurisdiction, *i.e.*, an evidentiary hearing.  *Id*. at 277.[3]

At the pleading stage, it may be enough to have general factual allegations of injury from the defendant's conduct that "plausibly suggest" the elements of standing.  *Id*. at 278.   But if those standing allegations are questioned—either by the court or the other party—then the plaintiff "must support each controverted element of standing with competent proof," which the court described as "a showing by a preponderance of evidence, or proof to a reasonable probability that standing exists."  *Id*.

The court also emphasized that district courts have a responsibility to police subject matter jurisdiction and that if the court has notice that the facts alleged in plausible support of standing are false or if the complaint "fairly shrieks" that there's no jurisdiction, then the court must conduct proceedings and get sufficient evidence  to resolve the doubt.  *Id*.

---

[3]     "The appropriate mechanism to resolve factual disputes about standing is an evidentiary hearing on the defendant's motion to dismiss under Rule 12(b)(1)."  983 F.3d at 277.

*Spuhler v. State Collection Service, Inc.,* 983 F.3d 282 (7th Cir. 2020), is the companion case to *Bazile*.  It was heard by the same panel, was written by the same judge, and presented the same issue.  It was brought as a class action.  And like this case, *Spuhler* had been decided on the merits of the FDCPA claim in favor of the plaintiff on summary judgment.  On appeal, the Seventh Circuit held that at summary judgment, the plaintiffs also were required to supply evidence of "specific facts" that, "taken as true, show each element of standing."  *Id.* at 285 (citations omitted).  Because the record did not contain any evidence that the absence of a statement about accruing interest had any effect on what these plaintiffs did in the context of managing their debts or responding to letters, the Seventh Circuit vacated the judgment.  However, the court rejected the defendant's argument that the plaintiffs lacked standing because they failed to allege a concrete injury in fact in their complaint, first, because the case was at the summary judgment—not pleading—stage.  Moreover, the court held that even if a complaint "'omitted essential jurisdictional allegations,' but evidence later demonstrates that the court has jurisdiction, 'the deficiency in the complaint is not fatal.'"  *Id.* (quoting *Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 530 (7th Cir. 1985)).

In *Nettles v. Midland Funding LLC*, 983 F.3d 896 (7th Cir. 2020), the plaintiff brought an FDCPA claim against a collection company that sent her a letter that overstated her balance by about $100.  On appeal, the defendant challenged the district court's order denying its motion to compel arbitration.  The Seventh Circuit did not reach that issue, finding instead that the plaintiff lacked standing because

she had not alleged that this misstatement of her balance caused her any harm or created "any appreciable risk of harm to her"—that she indeed admitted that the letter did not affect her at all.  *Id.* at 900.

In *Smith v. GC Limited Partnership*, 986 F.3d 708 (7th Cir. 2021), the court reiterated its determination that the principle announced in *Casillas* applies not only to claimed procedural violations of the FDCPA but to substantive violations as well.  Ms. Smith alleged that the collection company's letter advising that a dispute had to be in writing violated section 1692g(a)(3).  In finding she lacked standing, the court observed that though she said she was confused by the letter, she did not contend that the alleged lack of clarity "led her to take any detrimental step."  *Id.* at 710.  The court further noted that even when her standing was challenged in the district court, she could not articulate a detriment.  *Id.*

And on March 11, 2021, the Seventh Circuit issued its decision in *Pennell v. Global Trust Management*, 2021 WL 925494 (7th Cir. March 11, 2021).  *Pennell* addressed an alleged violation of entirely different provisions in the FDCPA not considered in the Seventh Circuit's earlier standing decisions.  Section 1692c(c) prohibits a debt collector from communicating with a debtor who advises the collector that she refuses to pay and directs it to stop any further communications; section 1692c(a)(2) prohibits a debt collector from communicating directly with a debtor who is represented by counsel.  Ms. Pennell alleged Global Trust sent her a letter in violation of both these provisions.  She further claimed that the letter caused her "stress and confusion" and caused her to think her demand to cease

communications had been futile.  It also caused her to question whether she was still represented by counsel.  *Id*. at *3.  Noting that it had found in *Brunett* that confusion or stress is not enough to establish standing, the court said Ms. Pennell failed to show that receiving the letter "led her to change her course of action or put her in harm's way." *Id*. at *4.

**B.**    **Application of Seventh Circuit Standing Authority to this Case**

What is the upshot of all these decisions to the case at hand?  In his complaint initiating this lawsuit, Mr. Patterson alleged that Mr. Howe, a debt collector, caused the Hamilton County Sheriff to serve on him a complaint and attached documents, including a summons and "Requests to Admit."  He further alleged that the Requests to Admit did not advise that they would be admitted if not denied or objected to within thirty days and that that produced a violation of the FDCPA's proscription of false, deceptive, or misleading communications or means and unfair or unconscionable means of collecting a debt.  The complaint does not include any further allegation of injury.

Before the parties had engaged in any discovery, and at the request of counsel, the court agreed that the parties could first  brief the issue of whether Mr. Howe's service of the complaint, summons, and requests to admit at the same time (without advising of the consequence of not responding to the latter within thirty days) violated the FDCPA.  Mr. Howe filed his motion for summary judgment first

(Dkt. 22) and did not raise any standing issue.[4]  Mr. Howe first raised the argument, among many others, that Mr. Patterson lacked standing in his brief in response to Mr. Patterson's motion for summary judgment, citing *Spokeo* in support (Dkt. 29 at p. 3).  As part of his reply to that response, Mr. Patterson submitted an affidavit[5] testifying that he had defenses to the creditor's claim and did not want to admit the allegations of the complaint.  (Indeed, he had filed an answer denying he owed the debt.)  He further testified that had he known that not responding to the requests to admit within thirty days meant that they would automatically be admitted, he would have responded to them and that because he did not know this, he did not respond.  (*See* Dkt. 31-1 ¶¶ 7-10.)

Though Mr. Howe argues that the injury Mr. Patterson asserts in his affidavit is insufficient as a matter of law, his primary arguments are related to the procedural posture of the case and to Mr. Howe's contentions that the court should not consider Mr. Patterson's affidavit specifying his injury.  The court will address those arguments first and then will address Mr. Howe's argument that even if the court considers Mr. Patterson's affidavit, it is insufficient to establish his standing.

---

[4]     The court had not raised standing by this point either, because the prevailing view among the district courts in this circuit interpreting *Spokeo* in the FDCPA context—including this court—was that the complaint met standing requirements.

[5]     The court has already rejected Mr. Howe's argument that Mr. Patterson filed his affidavit too late in the summary judgment process, and the court reaffirms that conclusion here.  *See* Dkt. 34 at pp. 20-21.

### 1. Mr. Patterson is permitted to cure the standing deficiency in his complaint as part of the summary judgment record.

Mr. Howe first argues that because Mr. Patterson's complaint does not allege facts to meet the requirements for standing for FDCPA cases recently articulated by the Seventh Circuit, this case should be dismissed for lack of subject matter jurisdiction—in short, that his affidavit is too late. The Seventh Circuit has recently made clear, however, that if a complaint "'omitted essential jurisdictional allegations,' but evidence later demonstrates that the court has jurisdiction, 'the deficiency in the complaint is not fatal.'" *Spuhler*, 983 F.3d at 285 (quoting *Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 530 (7th Cir. 1985)).

### 2. Mr. Patterson's stipulation that violation could be determined on summary judgment does not somehow preclude him from making assertions in support of standing that may be disputed.

Mr. Howe's arguments that this court should not take Mr. Patterson's affidavit into account in determining subject matter jurisdiction are grounded in a suggestion that Mr. Patterson engaged in some subterfuge or sandbagging—that he represented there were no disputed facts when he knew there were (the existence of an injury-in-fact that comports with current Seventh Circuit standing requirements). That is simply not consistent with the procedural history of this case. *Both parties* stipulated that whether the service of the papers identified above, without stating the consequence of not making a separate response to the requests to admit (which were not to be filed with the court like the answer but served on Mr. Howe, and not within the same timeframe for filing an answer) constituted a violation of the FDCPA should be determined first. Neither the court nor counsel addressed at

12

that point in the case the facts underlying standing, which is not a substantive element of an FDCPA claim but rather a requirement for the court's subject matter jurisdiction.[6] With his motion to reconsider, Mr. Howe has tried to rewrite the procedural history of this case in light of subsequent caselaw developments. Nothing in this sequence of events supports Mr. Howe's contention that Mr. Patterson's agreement that violation could be determined as a matter of law "sandbagged" Mr. Howe to prevent him from taking discovery on the injury issue.[7] Further, as explained below, Mr. Howe will have an opportunity to conduct discovery on Mr. Patterson's assertion of injury in fact.

### 3. Mr. Patterson's affidavit will not be disregarded because he failed, in moving for summary judgment, to assert his injury as an undisputed fact.

Mr. Howe has also made the related argument that in his Statement of Material Facts Not in Dispute made in connection with his motion for summary judgment, Mr. Patterson failed to assert his injury as an undisputed fact. This omission, Mr. Howe argues, in effect allowed Mr. Patterson to amend his complaint in the midst of summary judgment briefing, violated the parties' stipulation as discussed above, and violated Local Rule 56-1. The court has already addressed the

---

[6]     *See supra* note 4.

[7]     Though "injury" for purposes of standing is not synonymous with "damages" recoverable under the FDCPA, Mr. Howe clearly and knowingly chose not to do discovery on damages issues before moving for summary judgment. He was not misled by the scope of the parties' stipulation about summary judgment issues.

first and second arguments.  The third—the alleged violation of the local rule—touches on an overarching problem with most of Mr. Howe's arguments.

Mr. Howe's arguments are flawed by his muddling of the requirements for standing to support the court's exercise of jurisdiction with the substantive elements for an FDCPA violation.  That in turn creates a misapprehension of the plaintiff's burden in establishing standing.  Mr. Patterson was not required at the summary judgment stage to demonstrate that it is undisputed that he suffered an injury for Article III standing; that was his burden for demonstrating a substantive FDCPA violation.  If it were otherwise, the court could rarely determine its subject matter jurisdiction until after trial, because an FDCPA defendant will usually contest that the plaintiff was injured.  Rather, the Seventh Circuit has explained that when the case reaches the summary judgment phase, the plaintiff must demonstrate standing by affidavit or other evidence of specific facts that, *taken as true*, support each element of standing.  *Spuhler*, 983 F.3d at 285-86 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  And in *Bazile*, 983 F.3d at 278, the Seventh Circuit put it this way:  "[T]he plaintiff must support each controverted element of standing with 'competent proof,' which we've understood as 'a showing by a preponderance of the evidence, or proof to a reasonable probability, that standing exists.'" (quoting *McNutt v. GMAC*, 298 U.S. 178, 189 (1936), and *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996)).

Mr. Howe's argument that Mr. Patterson failed to assert and establish his standing as an undisputed fact at the summary judgment stage of the case is not an

accurate statement of Mr. Patterson's burden.  Of course the court must determine whether it has subject matter jurisdiction in order to enter final judgment in this case; final judgment was not entered upon the granting of the plaintiff's motion for summary judgment.  And because the standing landscape in FDCPA cases has changed markedly since that order, the court will examine Mr. Patterson's standing consistent with the current authority, as explained below.  It will not, however, disregard the evidence he has presented.

### 4. Mr. Howe's argument that, even if it is considered, Mr. Patterson's affidavit is insufficient to establish standing cannot be fully determined at this point.

Mr. Howe has argued that even if the court does consider Mr. Patterson's affidavit, it should nevertheless find it insufficient to meet the requirements for standing articulated in the recent Seventh Circuit decisions the court surveyed in the first section of this order.  Several of these arguments (at Dkt. 90 pp. 24-29) are mere repetition of merits arguments the court has already rejected and finds no reason to revisit.  Whether Mr. Patterson's assertions meet the requirements for standing under *Casillas* and its progeny is only briefly discussed by Mr. Howe, and the court finds his *legal* arguments at this point generally unpersuasive. But now is not the time to make a final determination. Mr. Howe also claims that he disputes Mr. Patterson's *factual* assertions of an injury in fact and that the parties' stipulations about briefing summary judgment deprived him of the opportunity to conduct discovery on Mr. Patterson's assertions of injury.  Fair enough.  Mr. Howe can take discovery, which likely won't be extensive:  Mr. Patterson's deposition,

perhaps.  If the facts necessary for standing are ultimately disputed, the court will hold an evidentiary hearing, as the Seventh Circuit has directed (*see Bazile*, 983 F.3d at 277), and will consider those jurisdictional facts that have been established by "competent proof," or "by a preponderance of the evidence," or "to a reasonable probability."  *Id*. at 278.

## Conclusion

The defendant's motions to reconsider (Dkts. 88, 89) are GRANTED IN PART AND DENIED IN PART as explained in this order.  The motion to dismiss for lack of subject matter jurisdiction included in Dkt. 89 is DENIED WITHOUT PREJUDICE.  The defendant's alternative request to certify for interlocutory appeal (Dkt. 89) is DENIED.  Discovery of any matter to be determined in connection with Mr. Patterson's Article III standing shall be completed by June 23, 2021.  This case is set for a telephone status conference on June 30, 2021, at 10:00 a.m. to address what further procedures, such as supplemental briefing and/or an evidentiary hearing, are appropriate to determine standing.  The court will provide counsel call-in access information in advance of the status conference.

So ORDERED.

Date: 3/23/2021

*Debra McVicker Lynch*

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system