UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK A. PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-03364-DML-SEB |
| | ) | |
| HOWARD HOWE, | ) | |
| | ) | |
| Defendant. | ) | |

## Order on Motion for Decertification (Dkt. 120)

Defendant Howard Howe maintains that United States Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), requires the court to decertify the class in this case. The plaintiff, by his counsel, acknowledges that *Ramirez* requires that each class member have Article III standing and that he is "unable to demonstrate standing of a sufficient number of class members to maintain the class." (Dkt. 124 at 1)  He therefore does not oppose the motion to decertify the class. *Id.* Based on these acknowledgements as well as the court's independent consideration of the dictates of *Ramirez*, the motion to decertify (Dkt. 120) is **GRANTED**.

The parties agree that notice to the class of this order is not required under the circumstances here. The court agrees. The touchstone for determining whether notice of decertification must be provided to the class is whether the lack of notice would prejudice class members, and that inquiry hinges on whether class members have likely relied on the prior order certifying the class. The likelihood of reliance

here is essentially nil.  When the court initially denied class certification on June 27, 2019, it did not provide notice of that decision denying certification, and it was not required to do so under Rule 23(e). The effect of that denial was to restart statute of limitations with respect to any putative class member, and that period under the FDCPA is one year.  Thus, class members who wanted to pursue a claim like Mr. Patterson's under the FDCPA had to take some action within—at the very most—a one-year period.[1]  Just before that one-year period expired, the court reversed its decision on certification and granted a motion to certify on June 1, 2020. But up to that time, no cases by putative class members had been filed against Mr. Howe. Conceiving of a person who could be prejudiced by lack of notice of decertification therefore requires an unreasonably speculative stretching of the imagination.  Only this hypothetical person could be affected:  a person (1) whose action had accrued during a period of mere days, (2) who had somehow learned of the class certification order despite the lack of notice thereof, (3) who had, in reliance on that order, refrained from filing his or her own individual action, and (4) who had, despite having remained apprised of prior developments in this case, will not similarly learn of this publicly-docketed decertification order.  There is no factual basis for that flight of imagination. Compelling evidence demonstrates that there has been no reliance on the class certification order.  For these reasons, the

---

[1]     Because the pending motion for class certification merely *tolled* the running of the limitations period, it is sensible to conclude that very few, if any, putative class members had an entire year to bring an individual action after the order denying the motion.

court determines that notice to the class of this decertification order is not required.

*See, e.g., Clark v. Ford Motor Co.*, 228 F.R.D. 631, 637 (E.D. Wis. 2005).

So ORDERED.

Date: 1/5/2022

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system