UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK A. PATTERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:16-cv-03364-DML-SEB ) |
| HOWARD HOWE, | ) ) ) |
| Defendant. | ) |

## **Order on Motion for Attorney Fees and Costs (Dkt. 156)**

On August 11, 2022, the court entered final judgment in favor of plaintiff Mark Patterson on his individual claims that defendant Howard Howe violated the Fair Debt Collection Practices Act, and it awarded statutory damages. Mr. Patterson has now filed a motion for award of his attorney fees and costs incurred in this action. That motion is now fully briefed, and the court has carefully considered the parties' arguments in light of its own knowledge of this case and the manner in which it was litigated over the course of nearly six years.

The three major legal issues addressed by the parties and the court in this case were: (1) whether Mr. Howe had violated the FDCPA, (2) whether a class should be certified, and (3) whether Mr. Patterson had standing to recover for Mr. Howe's violation of the FDCPA. Mr. Patterson was successful on issues 1 and 3 and ultimately unsuccessful on issue 2. Because Mr. Patterson's individual action was successful, he is entitled to costs and reasonable attorneys' fees under the FDCPA. 15 U.S.C. § 1692k(a)(3) ("[I]n the case of any successful action . . ., [the debt

collector is liable for] the costs of the action, together with a reasonable attorney fee, as determined by the court.")

A reasonable attorneys' fee is generally determined by multiplying (a) a reasonable hourly rate by (b) the number of hours reasonably expended on the litigation. *E.g., Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). In deciding a reasonable fee, the court does not hold itself to "auditing perfection" but is entitled to do "rough justice" and to use estimates in calculating and allocating an attorneys' time. *See Fox v. Vice*, 563 U.S. 826, 838 (2011).

### A. Reasonable Hourly Rate

As explained in numerous Seventh Circuit decisions, a reasonable hourly rate is one "derived from the market rate for the services rendered" and "we presume that an attorney's actual billing rate for similar litigation is appropriate to use as the market rate." *E.g., Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 632, 639 (7th Cir. 2011); *Mathur v. Board of Trustees,* 317 F.3d 738, 743 (7th Cir. 2003) ("Only if an attorney is unable to provide evidence of her actual billing rates [regularly charged and paid by clients] should a district court look to other evidence" in deciding a reasonable hourly rate.)

Mr. Duff seeks reimbursement for all legal work at his current $445 hourly rate. He has submitted evidence to establish that that is his current rate charged to clients and that it is reasonable in light of his experience, expertise, and the results obtained in this case. Mr. Howe contends that Mr. Duff should not be compensated in excess of $350/hour for any work over the six-year course of this litigation

because $350 is the rate that Mr. Duff and Mr. Patterson agreed to in their fee agreement.  The defendant points out that this court limited Mr. Duff to a $350 hourly rate in an FDCPA case decided in 2019 based on this rationale and that the court should do the same here.  The court finds that its decision in *Lavallee v. Med-1 Solutions, LLC,* 2019 WL 13217905 (S.D. Ind. Dec. 12, 2019)*,* is not fully applicable in this case.  In *Lavallee*, this court limited Mr. Duff's hourly rate to $350 based on his fee agreement with Ms. Lavallee and stated that an adversary should not be required to pay more for Mr. Duff's legal services than the client had agreed to pay. The court stands by that holding.  But a closer look at Mr. Duff's fee agreement with Mr. Patterson reveals important distinctions not litigated in *Lavallee*:  *Lavallee* was an individual action.  This case was brought as a class action, and Mr. Duff's "Class Action Attorney Fee Representation Agreement" with Mr. Patterson is a hybrid contingent fee agreement that provides for payment of the *greater* of $350 per hour or 40% of the recovery.  Dkt. 164-1 ¶6.  Thus, $350 is not the ceiling on the amount Mr. Patterson agreed to pay Mr. Duff.  Moreover, the $350 hourly rate within Mr. Duff's fee agreement with Mr. Patterson was used to establish *ex ante* a *quantum meruit* rate in the event Mr. Duff was discharged.  For these reasons, the court rejects the superficial application of *Lavallee* that Mr. Howe urges here.

     Mr. Duff has provided sufficient evidence that he has charged and been paid certain hourly rates over certain periods that this case has been litigated: $350/hour for work performed from 2012 through 2016, $395/hour for work

3

performed from 2017 through 2019, and $445/hour for work performed from 2020 to the present. Dkt. 157-1 ¶¶21-23. Mr. Duff requests that all his work, regardless of when it was done, be compensated at his current market rate as a reasonable approximation of the time value of money, and he relies on Seventh Circuit authority for this adjustment. The court agrees that awarding fees using a current hourly rate is often appropriate to compensate the attorney for lost purchasing power that makes $1 paid today worth less than had it been paid a year ago, or six years ago. But when the legal work for which compensation is due was performed over a very lengthy period, using current hourly rates "may produce a windfall." *See Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.,* 776 F.2d 646, 663 (7th Cir. 1985) (court can compensate for delay in payment by computing interest or correcting for inflation by using current hourly rates, but "[w]hen a case lingers on for a long time . . . current hourly rates may produce a windfall for the plaintiff").

The court will therefore apply this general principle that an award should account for the time value of money but will adjust Mr. Duff's current rate to reflect the rationale behind that principle. According to the government's Bureau of Labor Statistics, $350 in 2016, when adjusted using the Consumer Price Index, had the purchasing power of $438 in current dollars—a number very close to Mr. Duff's current rate.[1] Of course, Mr. Duff did not perform all or even most of his legal services in 2016, so the court will make an adjustment to reflect that the services

---

[1] https://www.bls.gov/data/inflation_calculator.htm

were performed over a long time span. The court finds that an appropriate hourly rate under all these circumstances is $415.

### B. Reasonable Amount of Time Expended

A lawyer seeking to recover her fees is expected to use billing judgment and should seek compensation only for time that she reasonably would have billed to a paying client. *Hensley,* 461 U.S. at 434 ("Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.") (emphasis in original).

1. Compensation for Work on Class Certification Issues

Mr. Howe's most consequential objection to Mr. Patterson's fee petition implicates one of the principles that guides the reasonableness inquiry: the award must account for limited success. As noted above, the claims on behalf of a class were ultimately not successful. Where a particular claim or theory is unsuccessful, the court may account for partial success either by eliminating specific hours attributable to the unsuccessful claims or theories or by making an across-the-board percentage deduction to the fees to account for limited success. *See Bryant v. City of Chicago,* 200 F.3d 1092, 1101-02 (7th Cir. 2000). The Seventh Circuit's decision this week in *Koch v. Jerry W. Bailey Trucking*, 2022 WL 10362574, *6-7 (7th Cir. Oct. 18, 2022), confirms this principle.

Mr. Patterson maintains that although the class claims in this case were ultimately unsuccessful, Mr. Duff's legal fees incurred in connection with class issues should be paid by Mr. Howe. He argues, with support from the affidavits of

5

two well-respected and accomplished attorneys, that the fact that the class obtained no relief was attributable to a change in the law and not to the parties, that nearly all the time spent on class issues was incurred when the law supported certification, and that much of it was incurred because of Mr. Howe's "unsuccessful resistance." Not compensating this time, he argues, would produce a windfall to Mr. Howe. He further notes that, upon the change in the applicable law, he responsibly agreed to decertification. The court mostly agrees with these observations, but Mr. Patterson has not offered any legal support for his position that these circumstances permit a departure from well-established law that limits fees to those incurred in prosecuting claims on which the plaintiff prevailed.

    The court has therefore eliminated those fees incurred in pursuing Mr. Patterson's claims on behalf of a class. Those include certification issues as well as the net worth discovery (which was pertinent only to the class claims). The court has not made any reductions for Mr. Duff's work on Mr. Howe's motion to reconsider class certification because the issues presented with that motion were inextricably intertwined with the issues presented in Mr. Howe's motion to reconsider the court's summary judgment order (time that is compensable), a fact demonstrated by Mr. Duff's time entries. The court has reviewed Mr. Duff's time records, and of the 236.6 hours for which Mr. Patterson seeks fees, the court will subtract 96.5 hours incurred litigating class issues.

6

      2.  <u>Mr. Howe's Other Objections to the Reasonableness of Time Expended</u>

Mr. Howe makes an assortment of other objections to the time Mr. Duff billed in this case.

First, he argues that the award should not include Mr. Duff's time spent researching the law of standing. This contention is nothing short of preposterous. Standing was not only a critical issue litigated in this case, but the law evolved significantly during its pendency. The court relies on counsel to follow important developments in the law applicable to their cases, and Mr. Duff's billings related to this issue are reasonable—even modest—and the court will award compensation for this time.

Second, Mr. Howe asserts that Mr. Duff "should not be paid for a case he manufactured." Dkt. 164 at p. 4. This assertion is groundless and offensive and does not merit further discussion.

Third, Mr. Howe complains about redactions in the billing statements Mr. Duff has provided with his motion for fees, "block billing," and certain tasks Mr. Howe contends are non-billable. The redactions are minimal and context supplies enough information to gauge the reasonableness of the time spent. The court further finds the time entries detailed and thorough. An attorney's records must be detailed enough for the opposing party and the court to make informed judgments about whether the time billed accurately reflects work spent on the case and whether it was reasonably spent, but the market does not expect issue-by-issue detail in billing, and neither should the court. *See Fulmore v. Home Depot U.S.A.,*

*Inc.*, 2007 WL 1246226 at *3 (S.D. Ind. Apr. 27, 2007) (discussing block billing); *In re Synthroid Marketing Litig.*, 264 F.3d 712, 722 (7th Cir. 2001) ("amount of itemization and detail required is a question for the market. If counsel submit bills with the level of detail that paying clients find satisfactory, a federal court should not require more.") Furthermore, billing statements are read in light of one's knowledge and recall of the docket, status, and progress of the case. *Fulmore,* 2007 WL 1246226 at *3. As for non-billable administrative tasks, the court will reduce the award by three-tenths of an hour for tasks performed on March 6 and 10, 2017, that were administrative in nature. Aside from that and the work devoted to class issues, the court's careful review of Mr. Duff's time entries reveals no work that appears "excessive, redundant, or otherwise unnecessary" *Hensley,* 461 U.S. at 434, and thus not compensable.

Fourth, Mr. Howe argues that the award Mr. Patterson seeks is disproportionate to the statutory damages of $1000 he was awarded. While gross disproportion can be the basis for reducing a fee award, the circumstances here do not warrant a reduction on this basis. First, that sort of disproportion is inherent in many consumer protection cases, and slashing fee awards on this basis alone would undermine the important role of attorneys in enforcement of these statutes. Second, the court has significantly reduced the award here to account for the lack of success in obtaining monetary relief for a class of plaintiffs. Third, Mr. Howe chose to defend this case vigorously at every juncture, as he was entitled to do, but he cannot then complain about the fees Mr. Patterson had to incur. Of particular note

8

in this regard is that after a liability decision in Mr. Patterson's favor and after decertification when the potential for liability to a class was no longer a risk, Mr. Howe continued to fight Mr. Patterson's individual recovery. Thousands in fees were incurred *after decertification* because of Mr. Howe's approach.

Finally, the court must not allow Mr. Howe's inappropriate comments in his opposition brief to escape rebuke. Not only does Mr. Howe assert that Mr. Duff "manufactured" this case—when the court has found that Mr. Howe's practices violated the FDCPA—but he accuses Mr. Duff of, among other things, attempting to "fleece[]" this court (Dkt, 164 at p. 10), "unnecessary (and failed) complication and delayed resolution of Plaintiff's claim" (*id.* at p. 6), and "pervasive inflated billing techniques." (*Id.* at p. 10). These remarks are disrespectful and unwarranted, and they are indicative of an approach to the defense of this case that, in the court's view, increased the amount of attorney time the plaintiff was required to expend.

### C. Summary of Award

The court makes an award of prevailing party attorney fees based on 139.8 hours (236.6-96.8) at $415 per hour for a total fee award of $58,017.00. It also awards $458.32 in costs. Costs incurred to Erwin CPA Group related to net worth discovery are not awarded.

### Conclusion

The court awards to plaintiff Mark Patterson and against defendant Howard Howe attorney fees in the amount of $58,017.00 and costs in the amount of $458.32. Judgment is entered separately.

So ORDERED.

Date: 10/21/2022

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system