UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK A. PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-03364-KMB-SEB |
| | ) | |
| HOWARD HOWE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| HOWARD HOWE, | ) | |
| | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK A. PATTERSON, | ) | |
| | ) | |
| | ) | |
| Counter Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR PROCEEDINGS
SUPPLEMENTAL, DEFENDANT'S MOTION FOR STAY AND WAIVER OF
BOND, AND DEFENDANT'S MOTION TO MAINTAIN DOCUMENT UNDER SEAL**

Currently pending before the Court are three motions.  For the reasons detailed below, the

Court **DENIES** Plaintiff's Motion for Proceedings Supplemental, [dkt. 173], **DENIES** Defendant's

Motion for Stay and Waiver of Bond, [dkt. 178], and **GRANTS** Defendant's Motion to Maintain

Document Under Seal, [dkt. 180].

## I.     RELEVANT BACKGROUND

In the underlying litigation, Plaintiff Mark Patterson alleged that Defendant Howard Howe,

an attorney, violated the Fair Debt Collection Practices Act ("FDCPA") while representing the

Indiana Institute of Technology in a separate lawsuit regarding an alleged educational debt owed by Mr. Patterson. [*See* dkt. 1.] The Court granted summary judgment for Mr. Patterson and against Mr. Howe as it relates to liability, ultimately awarding $1,000 in statutory damages. [Dkts. 34; 155.] The Court also awarded Mr. Patterson attorney fees and costs in the amount of $58,475.32, consisting of $58,017.00 for attorney fees and $458.32 for costs. [Dkt. 168.] Mr. Howe has appealed both judgments to the Seventh Circuit. *Patterson v. Howe*, No. 22-2602 (7th Cir. filed Sept. 13, 2022); *Patterson v. Howe*, No. 22-3083 (7th Cir. filed Nov. 18, 2022). Defendant filed a Notice of Appeal of each respective judgment on September 12, 2022, [dkt. 160], and November 18, 2022, [dkt. 169].

Two of the pending motions relate to whether Mr. Howe should be required to testify as to assets that would be available to satisfy the judgment, [dkt. 173], or be required to post bond to stay execution of the judgments pending the Seventh Circuit's rulings, [dkt. 178.] Mr. Howe's Motion to Maintain Document Under Seal, [dkt. 180], concerns an unredacted version of an exhibit to his Motion for Stay and Waiver of Bond, [dkts. 178-1; 179], detailing his various assets and liabilities.

## II.   DEFENDANT'S MOTION FOR STAY AND WAIVER OF BOND

Mr. Howe has filed a Motion for Stay and Waiver of Bond. [Dkt. 178.] For the reasons detailed below, that Motion is **DENIED**.

### A.  Applicable Standard

Federal Rule of Civil Procedure 62 provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security," and the stay "takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). Though a party must post bond if it wants an

automatic stay, a court may waive the bond requirement entirely. *N. Indiana Pub. Serv. Co. v. Carbon Cty. Coal Co.*, 799 F.2d 265, 281 (7th Cir. 1986). The amount of bond, if any, is left to the discretion of the district court. *Weekley v. Transcraft, Inc.*, 121 F.R.D. 398, 399 (N.D. Ind. 1988). The purpose of a supersedeas bond is to protect an appellee from loss should the judgment debtor become insolvent. *Prostyakov v. Masco Corp.*, 2006 WL 3776364, at *1 (S.D. Ind. Dec. 21, 2006). Accordingly, a stay without bond is the exception, not the rule. *Stone v. Corr. Med. Servs., Inc.*, 2010 WL 231120, at *1 (S.D. Ind. Jan. 12, 2010).

District courts consider several criteria in deciding whether to waive the posting of bond, including: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence regarding the availability of funds to pay the judgment; (4) whether the defendant's ability to pay is so clear that the cost of a bond would be a waste of money; and (5) whether the defendant's precarious financial situation would result in placing other creditors of the defendant in an insecure position if the defendant were required to post a bond. *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988).[1] The Seventh Circuit has held that waiver of bond is typically only appropriate where the appellant has clearly demonstrated an ability to satisfy the judgment should the appeal be unsuccessful, or in other words, "where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986); *see also Bell v. Vacuforce, LLC*, 2018 WL 10075921, at *1 (S.D. Ind.

---

[1] Though not dispositive to the Court's decision in the present case, other courts have found that the failure to offer argument or legal authority as to these factors may be grounds for denying the motion to waive the bond requirement. *Ortega v. Chicago Bd. of Educ.*, 2018 WL 278721, at *7 (N.D. Ill. Jan. 3, 2018) (denying the party's request to waive bond because "ability to pay, standing alone, is not the only consideration for the Court's exercise of discretion to waive the bond requirement" and the party had "not offered any argument or legal authority as to any of the other factors").

Apr. 5, 2018); *Loparex, LLC v. MPI Release Techs., LLC*, 2013 WL 704450, at *3 (S.D. Ind. Feb. 26, 2013); *Watkins v. Kasper*, 2008 WL 4623522, at *1 (N.D. Ind. Oct. 17, 2008).  Waiver of bond may also be appropriate where "the requirement would put the defendant's other creditors in undue jeopardy."  *Olympia Equip. Leasing Co.*, 786 F.2d at 796.

     **B.  Discussion**

     Mr. Howe argues that the Court should waive the bond requirement because his "ability to satisfy the judgment is not in issue."  [Dkt. 178 at 3.]  Mr. Howe states that there is "no question" that he is "financially capable of satisfying the judgments, which are a mere $1,000.00 in statutory damages along with $58,475.32 in attorneys' fees and costs."  [*Id.*]  In support of this argument, Mr. Howe points to a declaration and discovery responses previously produced in October 2020, including a Personal Net Worth Statement (the "Statement").  [*Id.*, dkt. 178-1.] Though Mr. Howe did not update this Statement or provide more recent evidence regarding his financials with his Motion to Stay filed in December 2022, he asserts that his net worth remains "substantially the same as the amount reflected in that documentation," which he claims is "approximately 1500 times the amount of statutory damages awarded to Plaintiff ($1,000) and about 25 times the amount of attorneys' fees awarded."  [Dkt. 178 at 3-4.]  Further, Mr. Howe states that "there is no risk that [he] will become insolvent – he is able to pay the full amount promptly when required," though he does not cite to any evidence in support of this statement.  [*Id.* at 4.]  Finally, Mr. Howe argues that waiver of bond is in the best interest of both Parties, as the cost of appeal would be taxed to Mr. Patterson if Mr. Howe prevails on appeal.  [*Id.*]  On the other hand, Mr. Howe argues that the cost of liquidating assets or taking out a loan to put up a bond is unnecessary.  [*Id.*]

     Mr. Patterson disagrees that Mr. Howe's ability to pay the judgments is so clear that a bond should not be required.  [Dkt. 181 at 2.]  Mr. Patterson argues that Mr. Howe's failure to update

the Statement from 2020 is a "red flag," and describes in detail Mr. Howe's reluctance to produce the financial information in the first instance.  [*Id.* at 2-7.]

In reply, Mr. Howe asserts that Mr. Patterson's "speculation regarding Defendant's resistance to producing his personal financial information in discovery is conjecture, which is not evidence," and his ability to pay for his "vigorous" defense in the underlying litigation is evidence of his "financial wherewithal."  [Dkt. 182 at 3-4.]

The Court does not agree with Mr. Howe that his ability to pay is so definitive that a bond should not be required.  The only evidence that Mr. Howe cites in support of his Motion is a signed declaration attesting that the Statement setting forth his assets and liabilities produced more than two years ago is still "generally accurate."  [Dkt. 178-1 at 1.]   Mr. Howe's Statement does not set forth specific or detailed financial information, such as account numbers or financial institutions with which his assets are held, instead providing numerical amounts that correspond with general categories such as "cash on hand," "checking," "savings," and "stocks."  [*Id.* at 7-8.]  Though the totality of Mr. Howe's assets (as provided in the Statement and offset by his reported liabilities) does exceed the amount of the judgments, the Court has no way of confirming the current value of these various assets nor Mr. Howe's relative access to them, especially given the age of the document on which Mr. Howe relies.  The Court also has no way of knowing that the value of these assets will not change during the pendency of the appeals such that Mr. Patterson would be adequately protected.

 The cases relied on by Mr. Howe, which primarily discuss large corporations or governmental bodies that have substantial assets and/or a structured method of paying out similar claims, are distinguishable from the case at hand.  *See, e.g., Prostyakov*, 2006 WL 3776364, at *2 (finding that bond was not necessary where "the defendant's financial situation is determinative,"

as the defendant was "a major, 70-year-old publicly traded company with approximately $606 million cash on hand and a market cap of $10.86 billion" and its "cash reserves are approximately 834 times the judgment amount; its market cap is about 14,942 times the amount"); *N. Indiana Pub. Serv. Co.*, 799 F.2d at 281 (finding that bond was not necessary when the party had "assets of more than $4 billion, revenues of almost $2 billion a year, and a net worth of more than $1 billion," and as a "public utility, it is in no financial jeopardy, it is not about to place its assets beyond the reach of this judgment creditor, and it is, in short, good for the $181 million."); *Dillon*, 866 F.2d at 904-05 (holding that the City of Chicago did not need to post bond when it had submitted affidavits outlining the mode of payment of similar judgements against the Chicago Police Department and showing that the fund from which the judgment would be paid had a balance of hundreds of millions of dollars); *Watkins*, 2008 WL 4623522, at *2 (holding that bond was not necessary because the State of Indiana's Tort Claim Fund had sufficient funds to pay the judgment and the "relatively simple" process to obtain the check would take "approximately two weeks to complete").

Cases in which a large corporation or governmental entity has demonstrated its solvency and willingness to pay a judgment in the event an appeal is unsuccessful are distinguishable from this case, where an individual argues that bond should be waived in light of his ability to pay, relying solely on a general statement from himself outlining his assets and liabilities. This is particularly true given the age of the Statement and Mr. Howe's failure to provide current, detailed information regarding his financial state or any assurance that various assets and liabilities will not increase or decrease throughout the appeals process.

For these reasons, Mr. Howe's Motion for Stay and Waiver of Bond, [dkt. 178], is **DENIED. Mr. Howe is ORDERED to post a bond for the full amount of the judgments—**

**$59,475.32—within fourteen days of the date of this Order**.[2]  The Court notes that when he

does so, execution of the judgments shall automatically be stayed for the duration of the appeals

in accordance with Federal Rule of Civil Procedure 62.  *See Dillon*, 866 F.2d at 904 (Rule 62

"allows an appellant to obtain an automatic stay of execution of judgment pending appeal by

posting a bond.").

## III.   PLAINTIFF'S MOTION FOR PROCEEDINGS SUPPLEMENTAL

Prior to Mr. Howe filing the Motion for Stay and Waiver of Bond, Mr. Patterson filed a

Motion for Proceedings Supplemental outlining the judgments against Mr. Howe and arguing that

Mr. Howe has not paid anything toward the judgments or posted an appellate bond.  [Dkt. 173 at

1.]  Mr. Patterson asserts that he "has no present cause to believe that levy of execution against

[Mr. Howe] will satisfy the judgment" and requests that Mr. Howe be ordered "to appear at a

hearing to answer as to non-exempt property subject to execution or proceedings supplemental to

execution."  [*Id.* at 1-2.]

In response, Mr. Howe admits that the judgments have been entered against him, that he

has appealed said judgments, and that he has not paid anything toward the judgments.  [Dkt. 177

at 1-2.]  Mr. Howe denies that Mr. Patterson does not have cause to believe that a levy of execution

against him will satisfy the judgment, and further refers Mr. Patterson to his Motion for Stay and

---

[2] Though Mr. Patterson cursorily requests that Mr. Howe be required to post bond in the amount of $100,000 to account for anticipated "post-judgment and appellate attorney fees," [dkt. 181 at 7-8 n.5], he does so without further explanation or citation to authority.  Accordingly, the Court finds that the appropriate amount of bond is the full amount of the judgments from this Court.  *See Olympia Equip. Leasing Co.*, 786 F.2d at 796 ("[O]rdinarily to get a stay [a party] would have had to post a supersedeas bond for the full amount of the judgment."); *Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 932 F. Supp. 1147, 1149 (S.D. Ind. 1996) ("An appellant is entitled to a stay of execution of judgment as a matter of right if they post a supersedeas bond in the full amount of the judgment.").

Waiver of Bond.  [*Id.* at 1-3.]  Mr. Howe has affirmatively represented that "[i]f the Court does not waive a supersedeas bond as requested in [his] Motion, [he] intends to post a bond."  [*Id.* at 3.]

In light of the Court's finding that Mr. Howe must post an appellate bond to obtain a stay, as detailed above, and Mr. Howe's representation that he intends to do so, proceedings supplemental are unnecessary at this time.  Mr. Patterson's Motion, [dkt. 173], is accordingly **DENIED.**  In the event that proceedings supplemental becomes necessary following the outcome of Mr. Howe's appeals, or should Mr. Howe fail to post a bond, Mr. Patterson may file a renewed motion.

## IV.   DEFENDANT'S MOTION TO MAINTAIN DOCUMENT UNDER SEAL

Mr. Howe filed a Motion to Maintain Document Under Seal, [dkt. 180], contemporaneously with his Motion for Stay and Waiver of Bond, [dkt. 178].  For the reasons detailed below, his Motion is **GRANTED.**

### A.  Applicable Standard

When documents are used in a court proceeding to decide the merits of a party's claims, they are presumptively "'open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality.'"  *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).  A showing of good cause is required to seal any portion of the record of a case from the public. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999).  Good cause to seal confidential information may exist when the confidential material is non-dispositive or where documents contain trade secrets or other categories of sensitive confidential information.  *Baxter*, 297 F.3d at 545-46.  That said, materials that "'influence or underpin'" a decision by the Court are presumptively open to public inspection.  *Bond*, 585 F.3d at 1075 (quoting *Baxter*, 297 F.3d at

545).   Courts will weigh "the moving party's interest in privacy and the public's interest in transparency" when determining whether certain information should be maintained under seal. *United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 712 (7th Cir. 2015) (overruled on other grounds by *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176 (2016)).

### B.  Discussion

Mr. Howe argues that an unredacted copy of the Personal Net Worth Statement, [dkt. 179-1], should remain under seal because it contains "highly personal and confidential information about [his] personal finances."  [Dkt. 180 at 1.]  A redacted copy of this document has already been filed.  [Dkt. 178-1.]  Mr. Howe points to the protective order entered in this case, [dkt. 102 at 2], allowing for the Parties to designate certain personal financial information as confidential.[3]  [Dkt. 180 at 2.]  Mr. Howe highlights the protective order's language providing that "[t]he 'net worth' information to be produced in this case merits more restrictive treatment [than other types of confidential information], not simply because of its nature but because it is the extensive personal financial information of an individual," and that such information is more sensitive than "salary or earnings information of an individual" or "the more limited universe of financial documents that reveal the net worth of an entity."  [Dkt. 180 at 2 (citing dkt. 102 at 2 n.1).]  The document was previously designated without objection as "Confidential—Attorneys' Eyes Only." [Dkt. 180 at 3.]  Mr. Howe further argues that the specific financial information will have "no impact on the public's interests in transparency and access to the judicial system," as his Motion for Stay and Waiver of Bond, [dkt. 178], sets forth his legal arguments and supporting evidence in a "generalized form" that the public may access.  [Dkt. 180 at 3.]  Conversely, disclosing Mr.

---

[3] Though the Court ultimately agrees with Mr. Howe that the redacted portions of the Statement may remain under seal, it reminds counsel that a protective order, on its own, does not authorize a party to file a document under seal.  S.D. Ind. L.R. 5-11(d)(1)(D).

Howe's specific financial information would "intrude upon [his] privacy" and "put him at risk, for example, by making his accounts a target for financial fraudsters." [*Id.*]

Mr. Patterson did not file a response to Mr. Howe's Motion to Maintain Document Under Seal, [dkt. 180], instead addressing it in a footnote in his Response to Defendant's Motion for Stay and Waiver of Bond, [dkt. 181]. Mr. Patterson "takes no position on this motion, but notes that another court in a similar context found such records did not merit such protection." [*Id.* at 2 n.2 (citing cases).]

The Court agrees with Mr. Howe that the information he seeks to redact is confidential and sensitive, such that it would be potentially harmful if publicly available. A public version with minimal redactions is already available on the Court's docket. [Dkt. 178-1.] Additionally, because in ruling on Mr. Howe's Motion for Stay and Waiver of Bond the Court did not need to analyze the specific amounts contained in the redacted portions of the Statement, those portions did not influence or underpin the Court's decision. This further diminishes the public's interest in the limited portions of the Statement that will remain sealed.

For these reasons, the Court finds that Mr. Howe has shown good cause to maintain certain portions of the exhibit at issue **UNDER SEAL** such that it **GRANTS** the pending Motion to Maintain Document Under Seal. [Dkt. 180.] The Clerk is directed to maintain **UNDER SEAL** the following document: Dkt. 179 (Sealed Exhibit 1 to Declaration of Howard Howe).

## V.   CONCLUSION

For the reasons detailed above, the Court **DENIES** Plaintiff's Motion for Proceedings Supplemental, [dkt. 173], **DENIES** Defendant's Motion for Stay and Waiver of Bond, [dkt. 178], and **GRANTS** Defendant's Motion to Maintain Document Under Seal, [dkt. 180]. **Mr. Howe is ORDERED to post a bond for the full amount of the judgments—$59,475.32—within**

**fourteen days of the date of this Order.**   The Clerk is directed to maintain **UNDER SEAL** the

following document:  Dkt. 179 (Sealed Exhibit 1 to Declaration of Howard Howe).

        **SO ORDERED.**

    Date: 5/2/2023

                                Kellie M. Barr
                                United States Magistrate Judge
                                Southern District of Indiana

Distribution:

Justin A Allen
Ogletree Deakins Nash Smoak & Stewart, P.C.
justin.allen@ogletree.com

Robert E. Duff
INDIANA CONSUMER LAW GROUP
robert@robertdufflaw.com

Tiffany Lynn Gooden
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
tiffany.gooden@ogletree.com

Howard Howe
HOWARD HOWE, ATTORNEY AT LAW
howard@howardhowe.us

Todd J. Kaiser
Ogletree Deakins
todd.kaiser@ogletree.com

Christopher C. Murray
Ogletree Deakins
christopher.murray@ogletree.com